NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEVIN ANDREW ISOM, *Appellant.*

No. 1 CA-CR 18-0079
FILED 4-16-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-110429-001
The Honorable Ronda R. Fisk, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Dawnese C. Hustad
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Vice Chief Judge Peter B. Swann joined.

---

**T H O M P S O N**, Judge:

**¶1** This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Kevin Andrew Isom's (defendant's) conviction for one count of aggravated assault against a police officer, a class 5 felony, and one count of aggravated assault against a police officer, a class 3 felony. **[I. 11]** Defendant's counsel searched the entire record on appeal and found no arguable question of law. She subsequently filed a brief requesting that this court conduct an *Anders* review of the record for fundamental error.

**¶2** On March 5, 2017, Mesa police officer Matthew Gonzales was patrolling a parking structure as part of a trespassing sweep. He observed defendant lying under a car, and he ordered defendant to come out and sit down. Officer Gonzales asked defendant to identify himself. During the conversation, defendant stood up and attempted to run away from Officer Gonzales. Officer Gonzales pursued him with his Taser drawn and tackled him to the ground. During the struggle the defendant reached for the Taser, which had fallen to the ground, but Officer Gonzales was able to push it out of the way. Officer Gonzales then felt a pressure on his hip, which he believed was defendant reaching for his firearm. Officer Gonzales maneuvered himself so to move the gun out of defendant's reach. Officer Gonzales was able to subdue defendant until two other officers arrived on the scene, at which point he placed defendant under arrest.

**¶3** The state charged defendant with one count of aggravated assault for attempting to exercise control over Officer Gonzales's Taser, and one count of aggravated assault for attempting to exercise control over Officer Gonzales's firearm. The jury convicted defendant on the first count, finding that defendant was on felony probation at the time of the offense. Defendant subsequently pleaded guilty to the second count, and also admitted for purposes of sentencing to having one prior felony conviction. The trial court sentenced defendant to concurrent terms of 2.25 years'

imprisonment for count 1 and 8 years' imprisonment for count 2, with credit for 318 days of presentence incarceration.

¶4 Defendant also filed a supplemental brief in which he alleged, among other things, ineffective assistance of counsel. We will not consider a claim of ineffective assistance of counsel in an *Anders* appeal. *See State v. Chavez*, 243 Ariz. 313, 318, ¶ 21, n.7 (App. 2017).

¶5 We have read and considered defendant's *Anders* brief and supplemental brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶6 We affirm the convictions and the sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA